

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-26-2006

# Proksch v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2281

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Proksch v. Atty Gen USA" (2006). *2006 Decisions.* Paper 839.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/839

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2281

RADU CATALIN PROKSCH;
DANIELA PROKSCH;
GERTRUD PROKSCH;
GERHARD ANDREAS PROKSCH,

Petitioners

v.

ATTORNEY GENERAL OF THE
UNITED STATES

On Petition for Review of a decision and order
of the Board of Immigration Appeals
(BIA Nos. A78-924-091,
A96-419-587, A96-419-588,
A96-419-589)

Submitted under Third Circuit LAR 34.1(a)
June 1, 2006

BEFORE: AMBRO, FUENTES, and GREENBERG, Circuit Judges

(Filed: June 26,  2006)

OPINION OF THE COURT

GREENBERG, Circuit Judge.

This matter comes on before this court on a petition for review of an order of the Board of Immigration Appeals ("BIA") dated March 29, 2005, dismissing petitioner Radu Proksch's appeal from an order of an immigration judge ("IJ") entered November 17, 2004, denying Proksch's applications for asylum and withholding of removal. Even though the order of the BIA was contained in a decision of the BIA that erroneously refers to the IJ's decision as having been issued January 7, 2004, we are satisfied that the BIA reviewed the correct proceedings.[1] The BIA had jurisdiction under 8 C.F.R. §§ 1003.1(b)(3), (9), and we have jurisdiction under 8 U.S.C. §§ 1252(a)(1), (b)(2), (d).

After our review of this matter we have concluded that there is substantial evidence supporting the decision and order of the BIA and thus we are constrained to deny the petition for review. See Senathirajah v. I.N.S., 157 F.3d 210, 216 (3d Cir. 1998). We nevertheless comment on one point that Proksch raises in his brief. He relies heavily on the opinion of the Court of Appeals for the Ninth Circuit in Mashiri v. Ashcroft, 383 F.3d 1112 (9th Cir. 2004), and asks us to "extend" that decision to this case. Petitioner's br. at 6. As the Attorney General correctly notes, appellee's br. at 15-16, Proksch cited Mashiri to the BIA, which, after observing that in this case it was bound by the controlling precedents of this court, pointed out that in Mashiri the facts were distinguishable from those here. As the BIA noted, the petitioner in Mashiri "suffered

_____

[1]In addition to denying Proksch's applications for asylum and withholding of removal, the IJ's order denied Proksch's claim for relief under the Convention Against Torture but Proksch has abandoned that claim and thus we are not concerned with it.

2

death threats, mob violence, and vandalism," whereas Proksch endured only "harassment." AR at 3.

In fact, the only similarities to this case and <u>Mashiri</u> are that in both cases the petitioners are German citizens who did not and do not want to return to that country. Moreover, the petitioners in the two cases have significantly different ethnic origins in that Proksch is a native of a European country, Romania, and the petitioner in <u>Mashiri</u> was a native of Afghanistan. Overall, we believe that the Attorney General correctly describes this case in his brief when he indicates that this case involves "common every day annoyances, occurrences that everyone from time to time must endure." Appellee's br. at 20. In fact, Proksch does not come close to establishing a basis for relief.

The petition for review of the March 29, 2005 order of the BIA will be denied.

———————